UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY WILSON,

      Plaintiff,

No. 07-11827

District Judge Victoria A. Roberts
Magistrate Judge R. Steven Whalen

v.

ASPEN FB&T, COLUMBUS
BANK & TRUST, MDA CAPITAL, INC.,
MSA SOLUTIONS, LLC,
REMARKETING SOLUTION, INC.,
SALUTE UTB, THE STUDENT LOAN
PROCESSORS, INCORPORATED

      Defendants,

_____/

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff/Counter-Defendant Anthony Wilson's June 7, 2007 *Motion for Partial Summary Judgment* [Docket #13] which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that Plaintiff's motion be DENIED.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed suit in Genessee County Circuit Court on March 28, 2007, alleging violations of the Fair Credit Reporting Act ("FCRA"). On April 26, 2007, Defendant/Counter-Claimant, Salute UTB, removed the matter to this Court pursuant to 28 U.S.C. §1441(b). Plaintiff alleges that Defendants "used and/or obtained [his] consumer

report without a permissible statutory purpose and/or by false and deceptive means." *Complaint* at ¶9. The complaint includes invasion of privacy and defamation allegations as well as a claim pursuant to the Michigan Consumer Protection Act. *Id.* at ¶¶10-12. Plaintiff seeks compensatory and punitive damages under the FCRA.[1] On May 10, 2007, the Honorable Victoria A. Roberts ordered the stipulated dismissal of Defendant Columbus Bank and Trust. *Docket* #7.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary

---

[1] Pursuant to 15 U.S.C. § 1681o(a), "[a]ny person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of 1) any actual damages sustained by the consumer as a result of the failure" as well as attorneys' fees. Under §1681n(a)(2), a *willful* failure to comply with the FCRA is subject to punitive as well as compensatory damages.

judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

### III. ANALYSIS

Plaintiff alleges that Defendants violated the FCRA by obtaining his consumer report without a permissible purpose.[2] *Docket #13* at 3. He contends that he "has never done business with the Defendant or received any correspondence, written or by way of telephone, from the Defendant." *Id.* at 4.

In *Geer v. Medallion Homes Ltd. Partnership,* 2005 WL 2708992, *4 (E.D.Mich.2005)(Steeh, J.), the court stated:

> "Under sections 1681n and 1681o of the FCRA, for allegations of willful and negligent misuse or acquisition of a consumer report, the plaintiff must prove that (1) there was a consumer report, (2) that defendants used or obtained it, and (3) that they did so without a permissible statutory purpose."

*See also Phillips v. Grendahl,* 312 F.3d 357, 364 (8th Cir.2002).

Plaintiff, arguing that the above elements have been met, has attached a copy of a

---

[2]The Court cannot determine whether Plaintiff seeks summary judgment against only Defendant "Urban Trust Bank," or all Defendants. However, because Plaintiff has failed to establish the absence of a genuine issue of material fact against Urban or any other Defendant, the Court will construe it as against all Defendants, recommending denial of the motion without prejudice.

March 6, 2007 consumer report created by a credit reporting agency, apparently to demonstrate both the presence of a consumer report and the fact that Defendants "used or obtained it." *Docket #13*, Exhibit B. However, assuming for the sake of argument that the exhibit proves that Defendants used his credit report, he has not established that the report was obtained "without a permissible statutory purpose." Plaintiff erroneously assumes that because he "has never done business with the Defendant nor has the Plaintiff ever received any correspondence, written or by way of telephone, from the Defendant," the report was obtained in violation of the statute. Contrary to his belief, 15 U.S.C. §1681b(a)(3) lists *additional* permissible purposes for obtaining a credit report such as

> "in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status; or . . . to use the information, as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation."

15 U.S.C. §1681b(a)(3)(E-F). *See also Smith v. Bob Smith Chevrolet, Inc.,* 275 F.Supp.2d 808, 817 (W.D.Ky. 2003)(Finding that the statute also permits reports to be obtained to "facilitate the collection of pre-existing debt"). Accordingly, Plaintiff's claim that he "has never done business" with Defendants (even if accompanied by supporting evidence) is by itself insufficient to establish a violation of the FCRA.

Further, the fact that Defendants have not responded to the present motion does not prevent the Court denying Plaintiff relief under Rule 56(c). "[A] party moving for summary judgment always bears the burden of demonstrating the absence of a genuine issue as to a

material fact. . . . regardless if an adverse party fails to respond." *Carver v. Bunch*, 946 F.2d 451, 454, 455 (6th Cir. 1991); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 161, 90 S.Ct. 1598, 1608, 1610, 26 L.Ed.2d 142 (1970). "The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden." *Carver*, 946 F.2d at 455. Here, because Plaintiff's motion for summary judgment, albeit unopposed, has failed to establish a violation of FCRA, his motion must be denied.

## IV. CONCLUSION

For the reasons set forth below, I recommend that Plaintiff's motion for partial summary judgment [Docket #13] be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

        S/R. Steven Whalen
        R. STEVEN WHALEN
        UNITED STATES MAGISTRATE JUDGE

Dated: February 28, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 28, 2008.

        S/G. Wilson
        Judicial Assistant