UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY WILSON,

   Plaintiff,

No. 07-11827

District Judge Victoria A. Roberts
Magistrate Judge R. Steven Whalen

v.

ASPEN FB&T, COLUMBUS
BANK & TRUST, MDA CAPITAL, INC.,
MSA SOLUTIONS, LLC,
REMARKETING SOLUTION, INC.,
SALUTE UTB, THE STUDENT LOAN
PROCESSORS, INCORPORATED

   Defendants,

                 /

## REPORT AND RECOMMENDATION

Before the Court is Defendant Salute UTB's ("UTB") motion for summary judgment [Docket #19], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For reasons set forth below, I recommend that the motion be DENIED.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed suit in Genessee County Circuit Court on March 28, 2007, alleging violations of the Fair Credit Reporting Act ("FCRA"). Plaintiff alleges that Defendants "used and/or obtained [his] consumer report without a permissible statutory purpose and/or by false and deceptive means." *Complaint* at ¶9. The complaint includes invasion of

privacy and defamation allegations as well as a claim pursuant to the Michigan Consumer Protection Act. *Id*. at ¶¶10-12.

On April 26, 2007, Defendant/Counter-Plaintiff Salute UTB removed the matter to this Court pursuant to 28 U.S.C. §1441(b). On that same date, UTB filed an answer, with affirmative defenses [Docket #3] and a counterclaim [Docket #4]. The counterclaim purports to be based on 15 U.S.C. §1681n(c), and using the language of that section, asserts that in several regards, Plaintiff acted in bad faith in filing his complaint. Although §1681n(c) provides only for an award of attorney fees, the counterclaim seeks "all damages incurred by Salute UTB, including actual attorney fees."

On June 7, 2007, UTB filed a request for Clerk's entry of default as to its counterclaim [Docket #11], and a Clerk's entry of default was granted on that same date [Docket #12]. Also on June 7, 2007, Plaintiff filed a motion for partial summary judgment [Docket #13].[1] Defendant UTB filed the present motion for summary judgment on November 21, 2007.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the

---

[1] Plaintiff's motion was denied on March 18, 2008 [Docket #23].

non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

### III. ANALYSIS

Defendant argues that because of the Clerk's entry of default on its counterclaim, the doctrine of res judicata requires that all allegations of fact contained in the counterclaim be taken as true, leaving no issue of material fact unresolved in the Plaintiff's complaint. However, there are several flaws in this argument.

The doctrine of res judicata provides "that a judgment on the merits of an action precludes the 'parties or their privies from relitigating issues that were or could have been raised' in a prior action." *Kane v. Magna Mixer Co.,* 71 F.3d 555, 560 (6th Cir.1995) (quoting *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69

L.Ed.2d 103 (1981)). In order for the doctrine to apply, four elements must be present: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Kane,* 71 F.3d at 560.

### A. There is no Default Judgment

In *Wood v. Detroit Auto. Inter-Insurance Exchange* 413 Mich. 573, 578, 321 N.W.2d 653, 656 (1982), the Court held that "a default settles the question of liability as to well-pleaded allegations and precludes the defaulting party from litigating that issue." However, under *Wood* and the cases cited therein, it is a *judgment* by default that "settles the question of liability." *See City of Detroit v. Nortown Theatre, Inc.,* 116 Mich.App. 386, 392, 323 N.W.2d 411, 413-14 (1982) ("[a] *judgment* is considered to be a determination on the merits ... even if the action was resolved by a summary or default *judgment*.")(emphasis added). In the present case, UTB has neither moved for nor been granted a default *judgment* under Fed.R.Civ.P. 55(b)(2); rather, the Defendant merely obtained a Clerk's entry of default under Rule 55(a).² The two provisions are not the same. In *Local Union 407 Ins. Fund v. Shippers Freight Lines, Inc.*, 774 F.2d 1163 (Table), 1985 WL 13760, *1 (6th Cir. 1985), there had been a Clerk's entry of default under Rule 55(a), but no default judgment under Rule 55(b).

---

² Since UTB does not claim relief in a sum certain, any default judgment would have to be by application to the Court, with written notice to the Plaintiff, pursuant to Rule 55(b)(2). *See, e.g., SGA Global, LLC v. Surface Coatings Co.* 2007 WL 3284006, 1 (E.D.Mich. 2007).

The Sixth Circuit dismissed an appeal because there was no final judgment, explaining:

> "The original entry of default by the clerk was simply official recognition that the employer was in default of its answer. Rule 55(a), Federal Rules of Civil Procedure. *It was no more than an interlocutory act looking toward the subsequent step, an entry of a final judgment by default.* Rule 55(b), Federal Rules of Civil Procedure; Chrysler Credit Corp. v. Macino, 710 F.2d 363 (7th Cir. 1983). That step was never taken. Since no final judgment exists from which the employer could appeal,
>
> It is ORDERED that the motion to dismiss is granted." (Emphasis added).

Because the Defendant is not the beneficiary of a judgment, by default or otherwise, res judicata does not apply.

### B. No Separate Cause of Action Under §1681n(c)

15 U.S.C. §1681n explicitly creates a civil cause of action for *consumers*, against persons or entities who fail to comply with the FCRA. *See* §§1681n(a) and (b). On the other hand, §1681n(c) does not create a separate cause of action for FCRA defendants, but merely provides for attorney fees where the court finds that a pleading submitted *in connection with an action* was filed in bad faith or for purposes of harassment:

> "(c) Attorney's fees
>
> Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper."

By its terms, §(c) is subsidiary to an action, not a cause of action in itself. Procedurally, then, a request for attorney fees under this section would be done by motion, not by counterclaim. Such motion would have to be made after the Defendant prevails on

-5-

the underlying pleading, and after the Court determines that the pleading was filed in bad faith or with the purpose of harassment. Thus, USB's "counterclaim" is not only a procedural nullity, but it is premature. As such, it cannot form the basis of a default judgment, and cannot support the Defendant's claim of res judicata.

## IV. CONCLUSION

In a prior Report and Recommendation, adopted by the District Judge, in which I recommended denial of the Plaintiff's motion for partial summary judgment, I set forth the deficiencies in Plaintiff's claims under the FCRA.[3] However, Defendant has filed its motion only on the basis of res judicata, and has not substantively moved for summary judgment under *Celotex* or *Anderson v. Liberty Lobby*. I can only decide what the parties present to me. Therefore, because the Defendant has not shown that the doctrine of res judicata applies to this case, I recommend that the motion for summary judgment [Docket #19] be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with

---

[3] Ironically, while the Defendant's motion is premised on the Plaintiff's failure to respond to the counterclaim, the Defendant failed to respond to the Plaintiff's motion for summary judgment.

specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: June 17, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 17, 2008.

s/Susan Jefferson
Case Manager
