UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY WILSON,

               Plaintiff(s),              CASE NUMBER: 07-11827
                                                  HONORABLE VICTORIA A. ROBERTS

v.

ASPEN FB & T, MDA CAPITAL, INC.,
MSA SOLUTIONS, L.L.C., REMARKETING
SOLUTIONS, INC., SALUTE UTB, and
STUDENT LOAN PROCESSORS, INC.,

               Defendant(s).
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**I.    INTRODUCTION**

This matter is before the Court on Defendant Salute UTB's ("UTB") "Motion for Summary Judgment." (Doc. #19). This motion was referred to Magistrate Judge R. Steven Whalen pursuant to 28 U.S.C. §636(b)(1)(B) for a Report and Recommendation ("R&R").

On June 17, 2008, Magistrate Whalen issued a R&R recommending that the Court DENY UTB's motion because it: (1) did not obtain a default judgment; and (2) does not have a cause of action under 15 U.S.C. §1681n(c). (Doc. #24).

UTB objects. It says: (1) a default judgment is not necessary for summary judgment; and (2) 15 U.S.C. §1681n(c) provides a private right of action.

The Court **ADOPTS** the R&R, but for different reasons.

**II.    BACKGROUND**

1

On March 28, 2007, Plaintiff Anthony Wilson ("Wilson") filed a Complaint in the Genesee County Circuit Court alleging: (1) a violation of the Fair Credit Reporting Act ("FCRA"); (2) a violation of the Michigan Consumer Protection Act; (3) invasion of privacy; and (4) libel. The case was removed to federal court on April 26, 2007. On that same date, UTB filed a Counter-Claim against Wilson alleging a violation of 15 U.S.C. §1681.

On June 7, 2007, UTB requested a Clerk's Entry of Default because Wilson did not respond to its Counter-Claim. A default was entered.

### III. APPLICABLE LAW AND ANALYSIS

Fed. R. Civ. P. 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In reviewing a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986).

The movant has the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, the nonmoving party must, by affidavit or otherwise as provided by Rule 56, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The essential inquiry is "whether the evidence

presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. If the nonmoving party does not respond with specific facts showing a genuine issue for trial, summary judgment is appropriate. *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989).

Wilson did not file a response to UTB's motion. However, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). The moving party always bears the initial burden of demonstrating the absence of a genuine issue of material fact, even if the opposing party fails to respond. *Id.* at 454-55. "The court is required, at a minimum, to examine [UTB's] motion for summary judgment to ensure that [it] has discharged that burden." *Id.* at 455.

After reviewing the merits of UTB's motion, the Court finds it did not meet its burden.

UTB's Counter-Claim alleges Wilson violated 15 U.S.C. §§ 1681n and 1681o. However, UTB does not have a cause of action under these sections because it is not a consumer. *See Briley v. Burns Int'l SAFETOHIRE.COM, Inc.*, 78 Fed.Appx. 481, 483 (6th Cir. Oct. 14, 2003) ("A *consumer* has a cause of action under FCRA for damages sustained due to 'negligent [or willful] failure of a reporting agency to comply with any requirement imposed by the Act'") (citing 15 U.S.C. §§ 1681o and 1681n) (emphasis added). The Court, therefore, sets aside the Clerk's entry of default. *See* Fed. R. Civ. P. 55(c) (the Court may set aside a default for good cause).

Further, UTB's Counter-Claim is **DISMISSED**.

Since the default is the only basis asserted by UTB for summary judgment, its motion fails.

## IV. CONCLUSION

The Court **ADOPTS** the Magistrate's recommendation for the reasons stated.

**IT IS ORDERED**.


                                    S/Victoria A. Roberts
                                    Victoria A. Roberts
                                    United States District Judge

Dated: August 8, 2008

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and Anthony Wilson by electronic means or U.S. Mail on August 8, 2008.<br><br>s/Carol A. Pinegar<br>Deputy Clerk |