UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY WILSON,

        Plaintiff(s),        CASE NUMBER: 07-11827
                                           HONORABLE VICTORIA A. ROBERTS

v.

ASPEN FB & T, MDA CAPITAL, INC.,
MSA SOLUTIONS, L.L.C., REMARKETING
SOLUTIONS, INC., SALUTE UTB, and
STUDENT LOAN PROCESSORS, INC.,

        Defendant(s).
_____/

**ORDER DISMISSING PLAINTIFF'S CLAIMS AGAINST MDA CAPITAL, INC.**

This matter is before the Court on Defendant MDA Capital, Inc.'s ("MDA") "Motion for Summary Judgment." (Doc. #29).

Fed. R. Civ. P. 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In reviewing a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986).

The movant has the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, the nonmoving party must, by affidavit or otherwise as provided by

1

Rule 56, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. If the nonmoving party does not respond with specific facts showing a genuine issue for trial, summary judgment is appropriate. *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989).

Plaintiff Anthony Wilson ("Wilson") did not respond to MDA's motion. However, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). The moving party must always bear the initial burden to demonstrate the absence of a genuine issue of material fact, even if the adverse party fails to respond. *Id.* at 454-55. "The court is required, at a minimum, to examine [MDA's] motion for summary judgment to ensure . . . [it] has discharged that burden." *Id.* at 455.

Wilson filed a four-count Complaint against MDA for: (1) violation of the Federal Fair Credit Reporting Act; (2) Invasion of Privacy; (3) Defamation by Libel; and (4) violation of the Michigan Consumer Protection Act.

MDA presents evidence that on November 7, 2007, it served its "First Requests for Admission to Plaintiff Anthony Wilson" pursuant to Fed. R. Civ. P. 36(a) by first-class mail. MDA asked Wilson to admit matters that are dispositive of the case. For example:

2

- MDA did not obtain Plaintiff Anthony Wilson's consumer report without a permissible purpose.

- MDA did not use Plaintiff Anthony Wilson's consumer report without a permissible purpose.

- MDA did not intrude into Plaintiff Anthony Wilson's private affairs.

- MDA did not send a false and defamatory written statement to a credit reporting agency and procure Plaintiff Anthony Wilson's consumer report.

- MDA did not obtain Plaintiff Anthony Wilson's consumer report by false, deceptive, and fraudulent means.

Wilson had 33 days to respond. *See* Fed. R. Civ. P. 36(a)(3) (party has 30 days to respond); Fed. R. Civ. P. 6(d) (party has an additional three days to respond if service made by mail). Because Wilson did not respond within the time frame provided – and still has not responded – the matters are deemed admitted. *See* Fed. R. Civ. P. 36(a)(3).

MDA met its burden to prove no genuine issue of material fact exists as to its liability. Wilson's claims against MDA are **DISMISSED**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: October 8, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and Anthony Wilson by electronic means or U.S. Mail on October 8, 2008.

s/Carol A. Pinegar
Deputy Clerk